FILED
02 JUN -3 PM 12:18
U.S. DISTRICT COURT
N.D OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Jasper Division

| | |
|---|---|
| BELINDA HULSEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. _____ ) |
| PRIDE RESTAURANTS, LLC, d/b/a BURGER KING, and TIM GARRISON, | ) CV-02-AR-1354-J ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, Belinda Hulsey, by and through her undersigned counsel, and states as her complaint against defendant Pride Restaurants, LLC and Tim Garrison as follows:

### JURISDICTION

1. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. §2000e-4(f)(3). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq. This Court has jurisdiction over the subject matter of the plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the above statutes, providing injunctive and other relief for discrimination in employment due to gender.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within one hundred eighty (180) days after the last discriminatory treatment. Plaintiff further filed this complaint alleging wrongful discrimination based upon gender within ninety (90) days after receipt of right-to-sue notices from the EEOC.

## PARTIES

4.Plaintiff, Belinda Hulsey (hereinafter "Hulsey"), is an adult female, residing at all times material hereto in Walker County, Alabama. Hulsey was formerly employed by defendant Burger King Restaurant as a cashier.

5.Defendant Pride Restaurants LLC, doing business as Burger King (hereinafter "BK"), is upon good faith information and belief, a Delaware Limited Liability Corporation doing business as a Burger King Restaurant in Jasper, Alabama at 708 Highway 78 East Jasper, Alabama 35503. At all times material hereto, BK has maintained and operated a business in Alabama in an industry affecting interstate commerce. BK has more than fifteen (15) employees and is an employer within the meaning of Title VII.

6.Defendant Tim Garrison (hereinafter "Garrison"), is upon good faith information and belief an adult resident of Walker County, Alabama.

## STATEMENT OF PLAINTIFFS' CLAIMS

7.Plaintiff adopts and realleges all preceding paragraphs as if fully set forth herein.

8.Plaintiff was formerly an employee of BK and worked on its premises located at 708 Highway 78 East Jasper, Alabama 35503.

9.Defendant Garrison was plaintiff's supervisor during the entire time she was employed there. Garrison was the assistant store manager.

2

10.     Very shortly after the plaintiff began working at BK on or about July 5, 2001, Garrison approached the plaintiff's younger sister, Krystal Hulsey, who also worked there, informed her that he was interested in dating the plaintiff and requested that she set up such a date.

11.     Plaintiff informed Garrison that she was not interested in seeing him socially, and that she was already involved with someone. Despite this refusal, Garrison continued to approach the plaintiff and request that she go out on dates with him. He scheduled the plaintiff to work on shifts when he would also be at the restaurant, and repeatedly offered to drive her home after her shifts at night.

12.     Garrison physically assaulted the plaintiff several times, grabbing her breasts or buttocks, or coming up behind her and wrapping his arms around her. He tried on several occasions to place his hand down the front of the plaintiff's pants, and tried to pull my pants down. He propositioned the plaintiff for sex practically every time they were at work together.

13.     Garrison had been informed by the plaintiff that his advances were unwelcome but he continued the behavior.

14.     On or about August 16, 2001, Garrison physically assaulted the plaintiff, grabbing her and attempting to pull her clothes off. The plaintiff was forced to resort to physical violence to deter him.

15.     Later on in the evening plaintiff requested to take her break to visit briefly with a family member who was in the restaurant at the time. Garrison refused her the opportunity to take a break, and when plaintiff walked around the counter to hug her relative goodbye Garrison informed her that she was terminated.

3

## COUNT I
## VIOLATION OF TITLE VII

16. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

17. The plaintiff has been subjected to extremely inappropriate and outrageous behavior of a sexual nature, on the part of her immediate supervisor, while in the line and scope of her employment, on the premises of her employer.

18. Despite actual knowledge of the harassment, defendant BK did not take sufficient remedial action, and allowed the harassing party, it's employee and the plaintiff's supervisor to continue his behavior.

19. The harassment suffered by the plaintiff was sufficiently severe, pervasive and extreme so as to alter the terms and conditions of her employment. Further, plaintiff was terminated from her employment as a direct and proximate result of having rebuffed Garrison's advances.

20. Defendant BK either does not have sufficient policies and procedures in place to prevent sexual harassment, or has failed to follow any such policies.

21. Defendant BK had actual knowledge of the harassment, and/or should reasonably have known of the harassment, and failed in its duty to prevent it.

22. These actions and inactions on the part of the defendant BK have altered the terms and conditions of the plaintiff's employment, and have caused the plaintiff to suffer extreme emotional distress and mental anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Belinda Hulsey, demands judgment against the defendant BK Restaurant, for compensatory and punitive damages,

attorneys fees and costs of this action. Plaintiff further demands injunctive relief, and such other, further and different remedies to which she may be entitled.

### PENDENT STATE LAW CLAIMS
### COUNT II
### ASSAULT AND BATTERY

23.   Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

24.   The Plaintiff's claims based upon the statutory and common law of the State of Alabama arise out of the same facts and incidents which are the subject of the Plaintiff's claims based upon federal law and are within the pendent jurisdiction of this Court.

25.   Garrison, an employee of BK, the plaintiff's direct supervisor, repeatedly, after being instructed not to do so, touched, groped and harassed plaintiff in a sexual way as described above.

26.   This conduct was unwelcomed by the plaintiff, without her consent, and was offensive to her.

27.   This conduct was intentional, and/or willful, wanton or reckless, and committed with total disregard to the rights of the plaintiff.

28.   Defendant BK had actual knowledge, and/or should reasonably have known, that its employee engaged in such behavior in the past, and did nothing to prevent the assault and battery upon the plaintiff. Defendant BK further ratified this behavior by continuing to allow this individual access to its business premises, and instructing its employees to continue to interact with him.

29.   As a result of this battery of the plaintiff, she was caused to suffer damages, including extreme emotional anguish and mental distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against defendant the defendants, jointly and severally, for compensatory and punitive damages, attorneys fees and the costs of this action. Plaintiff demands such other, further and different relief to which she may be entitled.

## COUNT III
## INVASION OF PRIVACY

30. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

31. The Plaintiff's claims based upon the statutory and common law of the State of Alabama arise out of the same facts and incidents which are the subject of the Plaintiff's claims based upon federal law and are within the pendent jurisdiction of this Court.

32. Defendant Garrison's continual pattern and practice of sexual harassment invaded the privacy of the plaintiff. Defendant BK ratified this behavior by continuing to employ this individual, allow this individual access to its business premises, and instructing its employees to continue to interact with him. Defendant BK further ratified this behavior by allowing Garrison to remain in a supervisory position over the plaintiff.

33. As a consequence of the defendants' invasion of plaintiffs privacy, plaintiff has suffered mental anguish and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages, attorneys fees and the costs of this action. Plaintiff demands such other, further and different relief to which she may be entitled.

## COUNT IV
## OUTRAGE

37. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

38. The Plaintiff's claims based upon the statutory and common law of the State of Alabama arise out of the same facts and incidents which are the subject of the Plaintiff's claims based upon federal law and are within the pendent jurisdiction of this Court.

39. Defendant Garrison's continual pattern and practice of sexual harassment was outrageous conduct of a nature that no reasonable person should be caused to endure, and such conduct should not be tolerated in a civilized society.

40. Defendant BK had actual knowledge, and/or should reasonably have known of its employee's propensity to behave in such a manner and continued to employ him in a supervisory position over the plaintiff, thereby ratifing his behavior.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants jointly and severally for compensatory and punitive damages, attorneys fees and the costs of this action. Plaintiff demands such other, further and different relief to which she may be entitled.

## COUNT V
## NEGLIGENT HIRING, SUPERVISION AND RETENTION

41. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

42. The Plaintiff's claims based upon the statutory and common law of the State of Alabama arise out of the same facts and incidents which are the subject of the Plaintiff's claims based upon federal law and are within the pendent jurisdiction of this Court.

43. Plaintiff avers that BK negligently or wantonly investigated, hired, trained,

supervised and/or retained its agents, particularly defendant Garrison.

44. Defendant BK had actual knowledge, and/or should reasonably have known of its employee's propensity to behave in such a manner and nevertheless continued to ratify his behavior.

45. Said negligent or wanton conduct, described above, proximately caused the plaintiff to suffer damages, including, but not limited to mental anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory and punitive damages, attorneys fees and the costs of this action. Plaintiff demands such other, further and different relief to which she may be entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court assume jurisdiction of this action and award Plaintiff the following relief:

(a) Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from violating Title VII of the Civil Rights Act of 1964, as amended in the manner alleged.

(b) Grant Plaintiff an order requiring Defendants to make her whole by granting appropriate declaratory relief, compensatory damages, punitive damages, interest, attorneys' fees, expenses and costs.

(c) Plaintiff prays for such other, further different and additional relief and benefits as justice may require.

Respectfully submitted,

*/s/ Mary-Ellen Bates*

Bernard D. Nomberg
Bar No.: ASB-5475-045B
Mary-Ellen Bates
Bar No.: ASB-0270-B65M
Attorneys for Plaintiff Belinda Hulsey

**OF COUNSEL:**

Hardin, Nomberg & Bates, L.L.P.
The Highland Building
2201 Arlington Avenue
Birmingham, Alabama 35205
Telephone: (205) 930-6900
Facsimile:  (205) 930-6910

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury of all issues and demands in this cause.

*/s/ Mary-Ellen Bates*
OF COUNSEL

**PLEASE SERVE DEFENDANTS AT THE BELOW ADDRESS VIA CERTIFIED MAIL:**

Pride Restaurants, LLC
d/b/a Burger King
The Corporation Company
2000 Interstate Park Drive Suite 204
Montgomery, Alabama 36109

Tim Garrison
c/o Burger King Restaurant
708 Highway 78 E.
Jasper, AL 35503